# INSPECTOR GENERAL ACTION REQUEST
For use of this form, see AR 20-1; the proponent agency is the Office of The Inspector General.

## DATA REQUIRED BY THE PRIVACY ACT OF 1974

**AUTHORITY:** Title 10, USC, Section 3020; Inspector General Act of 1978 (Pub.L. 95-452), as amended; E.O. 9397 (SSN).

**PRINCIPAL PURPOSE:** To secure sufficient information to inquire into the matters presented and to provide a response to the requestor(s) and / or take action to correct deficiencies.

**ROUTINE USES:** Information is used for official purposes within the Department of Defense; to answer complaints or respond to requests for assistance, advice, or information; by Members of Congress and other Government agencies when determined by The Inspector General to be in the best interest of the Army; and, in certain cases, in trial by courts-martial and other military matters as authorized by the Uniform Code of Military Justice. Department of Defense Blanket Routine Uses also apply.

DISCLOSURE OF THE SOCIAL SECURITY NUMBER AND OTHER PERSONAL INFORMATION IS VOLUNTARY. HOWEVER, FAILURE TO PROVIDE COMPLETE INFORMATION MAY HINDER PROPER IDENTIFICATION OF THE REQUESTOR, ACCOMPLISHMENT OF THE REQUESTED ACTION(S), AND RESPONSE TO THE REQUESTOR.

| LAST NAME - FIRST NAME - MIDDLE INITIAL | GRADE / RANK | SSN | COMPONENT / STATUS |
|---|---|---|---|
| Mackall, Toby R. | O-4/MAJ | [redacted] | Army/Active |

| UNIT AND COMPLETE MILITARY ADDRESS | PREFERRED CONTACT TELEPHONE (Duty, home, and / or cell) |
|---|---|
| HQ, 49th Transportation Battalion<br>39001 Tank Destroyer Blvd<br>Fort Hood, Texas 76544 | 254-630-5976 |

| PREFERRED MAILING ADDRESS (If different from military address, including ZIP Code) | E-MAIL ADDRESS (Optional) |
|---|---|
| Same as above | toby.mackall@us.army.mil |

**SPECIFIC ACTION REQUESTED** *(What do you want the IG to do for you?)*
Requesting the IG to provide assistance/recommendations/inquire of what actions the command will take regarding allegations presented by a Field Grade officer of senior leader misconduct that has not been investigated. Requesting this matter be investigated or addressed prior to SM departure (31 March 2014) preventing a multi-installation inquiry/investigation.

**IFORMATION PERTAINING TO THIS REQUEST** *(Background. Use additional sheets if necessary; list enclosures if applicable.)*
I, MAJ Toby R. Mackall, Battalion XO of the 49th Transportation Bn, presented allegations of senior leader misconduct (1LT and CSM) within the 49th Transportation Battalion to LTC[redacted] (Battalion Commander as of 4 December 2013) on 17 and 18 December 2013 that has not been investigated or addressed. Allegations include Fraternization between a CSM and 1LT, Disrespect Towards a Superior Commissioned Officer (Article 89); Disloyal Statements (Article 134); and planning/actioning an informal EO complaint against the Battalion XO with malicious intent that was not based on actual injustices but for the purpose of discrediting the leadership style and staff climate within the 49th Trans Bn. Malicious intent is suspected by 1LT[redacted] by seeking alliances among other staff members of the organization to agree with her story. Attached are two statements provided within 24hrs of each other to LTC[redacted] for consideration and action, to include, a statement from 18 December where the Battalion CSM publicly stated to Staff Officers and NCOs that "MAJ Mackall is under investigation, I layed the foundation...why do you guys allow him to treat you this way..you need stop worrying about your OERs". Since delivering such documents, I have spoken to LTC[redacted] no less than on five separate occurrences regarding what the command (Battalion or Brigade) was going to do about the allegations, as it was expected that an investigation or inquiry would likely be handled outside the organization. Both SMs are expected to depart the unit for PCS within the next 30-60 days, with 1LT[redacted] scheduled to depart 31 March 2014. Requesting the IG to provide assistance/recommendations or report to the command the injustices mentioned and determine what action, if any, the command will take regarding reports of senior leader misconduct that has not been investigated. It should also be noted that these allegations are a result of my assessment and that of several staff officers who have witnessed such acts and have reported them to me.

I do [ ] I do not [X] consent to release my personal information outside of IG channels (but within DoD official channels) in order to resolve the matters listed above. I understand that if I do not agree to release my personal information, my request for assistance may go unresolved.

This information is submitted for the basic purpose of requesting assistance, correcting injustices affecting the individual, or eliminating conditions considered detrimental to the efficiency or reputation of the Army. Those who knowingly and intentionally provide false statements on this form are subject to potential punitive and administrative action (UCMJ Art 107, 18 USC 1001).

| SIGNATURE | DATE (YYYYMMDD) |
|---|---|
| /s/ Toby R. Mackall | 20140327 |

DA FORM 1559, JUL 2011          PREVIOUS EDITIONS ARE OBSOLETE.          APD PE v1.00ES

Circle the appropriate copy designator
Copy 1   Copy 2   Copy 3   Copy 4

# PERSONNEL ACTION

For use of this form, see AR 600-8-6 and DA PAM 600-8-21; the proponent agency is ODCSPER

## DATA REQUIRED BY THE PRIVACY ACT OF 1974

**AUTHORITY:** Title 5, Section 3012; Title 10, USC, E.O. 9397.
**PRINCIPAL PURPOSE:** Used by soldier in accordance with DA PAM 600-8-21 when requesting a personnel action on his/her own behalf (Section III).
**ROUTINE USES:** To initiate the processing of a personnel action being requested by the soldier.
**DISCLOSURE:** Voluntary. Failure to provide social security number may result in a delay or error in processing of the request for personnel action.

| 1. THRU (Include ZIP Code) | 2. TO (Include ZIP Code) | 3. FROM (Include ZIP Code) |
|---|---|---|
| Commander<br>HHC, 13th ESC<br>Fort Hood, Texas 76544 | Commander<br>4TH SUSTAINMENT BRIGADE<br>ATTN:S-1<br>Fort Hood, Texas 76544 | Commander<br>13TH ESC<br>ATTN: G-1<br>Fort Hood, Texas 76544 |

## SECTION I - PERSONAL IDENTIFICATION

| 4. NAME (Last, First, MI) | 5. GRADE OR RANK/PMOS/AOC | 6. SOCIAL SECURITY NUMBER |
|---|---|---|
| MACKALL, TOBY R. | MAJ/90A | 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 |

## SECTION II - DUTY STATUS CHANGE (AR 600-8-6)

7. The above soldier's duty status is changed from _____ to _____ effective _____ hours, _____

## SECTION III - REQUEST FOR PERSONNEL ACTION

8. I request the following action: (Check as appropriate)

| | | |
|---|---|---|
| ☐ Service School (Enl only) | ☐ Special Forces Training/Assignment | ☐ Identification Card |
| ☐ ROTC or Reserve Component Duty | ☐ On-the-Job Training (Enl only) | ☐ Identification Tags |
| ☐ Volunteering For Oversea Service | ☐ Retesting in Army Personnel Tests | ☐ Separate Rations |
| ☐ Ranger Training | ☐ Reassignment Married Army Couples | ☐ Leave - Excess/Advance/Outside CONUS |
| ☐ Reassignment Extreme Family Problems | ☐ Reclassification | ☐ Change of Name/SSN/DOB |
| ☐ Exchange Reassignment (Enl only) | ☐ Officer Candidate School | ☑ Other (Specify) REASSIGNMENT ORDER 113-002 |
| ☐ Airborne Training | ☐ Asgmt of Pers with Exceptional Family Members | |

9. SIGNATURE OF SOLDIER (When required)

10. DATE (YYYYMMDD)

## SECTION IV - REMARKS (Applies to Sections II, III, and V) (Continue on separate sheet)

You are assigned as indicated. No travel required. Early report authorized.

Assigned from: HHC, 49th Movement Control Battalion, (WCJ7AA), Fort Hood, TX 76544
Assigned to: HHC, 13th Sustainment Command (Expeditionary)(WFJ1AA), Fort Hood, TX 76544
Report date: 23 April 2014
MDC: NZE4

Distribution:
Chief, IPSC (1)
Cdr, 13th ESC (1)
Cdr, 4SB (1)
AFVG-HHC (1)
Individual (1)

## SECTION V - CERTIFICATION/APPROVAL/DISAPPROVAL

11. I certify that the duty status change (Section II) or that the request for personnel action (Section III) contained herein -

☐ HAS BEEN VERIFIED   ☐ RECOMMEND APPROVAL   ☐ RECOMMEND DISAPPROVAL   ☑ IS APPROVED   ☐ IS DISAPPROVED

| 12. COMMANDER/AUTHORIZED REPRESENTATIVE | 13. SIGNATURE | 14. DATE (YYYYMMDD) |
|---|---|---|
| MBUKOYO O. BUTLER, CPT, AG, STR MGR | BUTLER.MBUKOYO.OBOHO.1273003750 | 20140422 |

DA FORM 4187, JAN 2000   PREVIOUS EDITIONS ARE OBSOLETE   APD PE v1.00ES

his situation. We therefore find that their conduct, while not always optimal, was reasonable under the circumstances.

(2) Further, we find that many Soldiers and civilians at Fort Hood behaved admirably in the immediate aftermath of the shooting. The brigade and battalion commanders reacted to reports of the shooting by moving to locations where they could best command their units, take accountability, and restore order without interfering with emergency response.[521] (b) (6) remained in her office with a mortally wounded Soldier providing direct aid until help arrived, while others evaded the shooter.[522] Several of her comrades in the 49th Trans (MC) conference room did the same.[523] Many other Soldiers, Military Police, and first responders—too numerous to recognize here—took action with courage and resolve. In the weeks following the incident, the command identified personnel whose conduct during the shootings was substandard and took appropriate corrective action.[524]

(3) A separate question is whether SPC Lopez-Lopez's leaders should have known more about his issues. As discussed above, much of what they did not know was due to SPC Lopez-Lopez's own failure to provide accurate information. Although we found other deficiencies in information sharing among SPC Lopez-Lopez's leaders, these were not due to their negligence, inaction, or bad faith. Even with more information, it is not clear that they should have identified SPC Lopez-Lopez as a high-risk Soldier, and if they did, it is doubtful it would have affected his ultimate decisions. Thus, we recommend that SPC Lopez-Lopez's leaders not receive any adverse action for the events of 2 April.

(4) It remains true that leaders are accountable for all that happens or fails to happen in their units, and SPC Lopez-Lopez's leaders have been held accountable in the truest sense of the word. During this investigation, they were called to account for their actions on 2 April and before, and they have done so with great cooperation, candor, and introspection. SPC Lopez-Lopez alone was responsible for his actions, and no one else should bear that responsibility. We find no further accounting is necessary.

---

[521] Exhibit D-57 DA Form 2823 (b) (6) Statement 23 April 2014; Exhibit D-10 DA Form 2823 (b) (6) Statement 23 April 2014.

[522] Exhibit D-88 DA Form 2823 (b) (6) Statement 22 April 2014.

[523] Exhibit D-48 DA Form 2823 (b) (6) Statement 22 April 2014.

[524] Exhibit D-57 DA Form 2823 (b) (6) g Statement 23 April 2014.

| STATEMENT OF (b) (6) | TAKEN AT 1540 | DATED 2014/04/23 |

9. STATEMENT (Continued)

I learned about the shooting when I was at the Fort Hood Newcomer's Brief; a phone call came to one of my leaders ((b) (6) that there was a shooting in our footprint. CSM and I jumped in our van and went to the shoppette because they said it was at the PX in our area, but it wasn't there. We headed to the 49th headquarters and I saw SPC Lopez lying on the ground in the parking lot with a lot of MPs. I identified who I was to the MPs, and I knew I needed to get to my headquarters; that was when I heard about the motor pool. I went to the brigade headquarters to get a count of who was injured and take command of my unit. I realized pretty quickly that I lost a battalion headquarters.

The first responders were there by the time I got to 49th – I would say within 10-15 minutes. I thought the response was really good; at the time I didn't know about the 1st Medical Brigade and the motor pool.

After the incident, we protected the unit, including the brigade for at least a week. For example, the containers that were placed for the POTUS visit was completed by other units, but it would normally have been my unit handling that entire mission.

(b) (6) was removed from his position; there is more to his issues, which started back in August 2013. He's not being suspended, though, he was removed. (b) (6) was removed, too. The night of or day after, the MFLC came to me regarding people in the conference room and things they had to say regarding (b) (6) and (b) (6). That subject also came up with the Behavioral Health team and to the III Corps chaplain and we made the decision to remove them.

Nothing follows

AFFIDAVIT

I, (b) (6) , HAVE READ OR HAVE HAD READ TO ME THIS STATEMENT WHICH BEGINS ON PAGE 1, AND ENDS ON PAGE 4. I FULLY UNDERSTAND THE CONTENTS OF THE ENTIRE STATEMENT MADE BY ME. THE STATEMENT IS TRUE. I HAVE INITIALED ALL CORRECTIONS AND HAVE INITIALED THE BOTTOM OF EACH PAGE CONTAINING THE STATEMENT. I HAVE MADE THIS STATEMENT ... THREAT OF PUNISHMENT, AND WITHOUT COERCION, UNLAW...

WITNESSES:

Subscribed and sworn to before me, a person authorized by law to administer oaths, this 23d day of April, 2014 at Fort Hood, TX

ORGANIZATION OR ADDRESS

(Typed Name of Person Administering Oath)

5 USC § 303 / UCMJ Art 136b
(Authority To Administer Oaths)

ORGANIZATION OR ADDRESS

INITIALS OF PERSON MAKING STATEMENT (b)

PAGE 4 OF 4 PAGES

DA FORM 2823, NOV 2006                                    APD PE v1.01ES



DEPARTMENT OF THE ARMY
US ARMY INSPECTOR GENERAL AGENCY
1700 ARMY PENTAGON
WASHINGTON DC 20310-1700

23 October 2015

Assistance Division

Major Toby Mackall
84 Hopkins Road
Aberdeen Proving Ground, Maryland 21005

Dear Major Mackall:

    The United States Army Inspector General Agency closed its inquiry into your reprisal allegations, conducted under Title 10, United States Code, Section 1034, "Military Whistleblower Protection Act." Upon conducting a thorough review of your complaint, we found that the unfavorable personnel actions taken were independent of your protected communications and forwarded our recommendation to the Department of Defense Inspector General (DODIG) that this case does not meet the provisions of 10 USC 1034.

    The evidence indicates that your removal as the Executive Officer (XO) of the 49th Maneuver Control Battion (MCB) was undertaken as a result of the loss of trust and confidence in your ability to lead the staff. Specifically, your removal was the direct result of a series of actions on your part leading to an unhealthy, "at times toxic" work environment prior to 2 April 2014; the battalion staff's loss of confidence as a result of your actions during the 2 April 2014 shooting incident; and your insensitivity and ambivalence towards your staff members following the incident. These factors led to the loss of confidence by your command in your ability to lead the staff and ultimately your removal.

    Similarly, we found that your Officer Evaluation Report (OER) as XO of 49th MCB for the same period to be a balanced appraisal of your performance and conduct for the rating period. The evaluation did indicate a down-turn in overall performance and potential and was therefore considered unfavorable. However, the evidence indicated the downturn was based on your actions and noted the evaluation indicated both your rater and your senior rater provided balanced comments including both positive as well as less favorable comments representative of the entirety of your performance.

    Ultimately, we found the actions taken were appropriate for your performance, conduct, and behavior and DODIG approved our recommendation. Accordingly, we

closed your case (DIH-15-6122) from further consideration under Title 10 U.S.C., Section 1034, Whistleblower Protection Act.

This determination does not preclude you from submitting an application to the Army Board for Correction of Military Records (ABCMR) should you believe an error or injustice exists in your Army record. Title 10 U.S.C. 1552 provides that you may request that the ABCMR consider an application for correction of your military records. A DD Form 149 is enclosed for your use. The ABCMR address is: Army Review Boards Agency, 251 18th Street South, Suite 385, Arlington, Virginia 22202-3531. The telephone number is (703) 545-5643.

We consider this case closed (DIH 15-6122). The point of contact for this action is Major Matthew Tobin, DSN: 865-2060 or COM: (703) 545-2060.

Sincerely,

*Thomas C. Ellis*

Thomas C. Ellis
Colonel, US Army
Chief, Assistance Division



**DEPARTMENT OF THE ARMY**
OFFICE OF THE JUDGE ADVOCATE GENERAL
2200 ARMY PENTAGON
WASHINGTON, DC 20310-2200

30 September 2016

Major Toby R. Mackall
84 Hopkins Road
Aberdeen Proving Ground, Maryland 21005

Dear Major Mackall:

As the Assistant Judge Advocate General for Military Law and Operations, I am aware of the concerns you raised in your communications to senior leaders. I am also aware that these concerns have been reviewed at multiple levels. Additionally, you were informed of the administrative remedies available to you—your right to submit requests for review to the Army Board for Correction of Military Records (ABCMR) under 10 United States Code (USC) 1552, and under Article 138, UCMJ—and you have exhausted those remedies.

The ABCMR, on behalf of the Secretary of the Army, serves as the highest administrative level for review of personnel actions taken by lower levels of the Army. Its sole purpose is to correct errors in, or remove injustices from, Army military records. Furthermore, in accordance with Army Regulation 15-185, when a Soldier has suffered reprisal under 10 USC 1034 and Department of Defense Directive 7050.6, the ABCMR may recommend to the Secretary of the Army that disciplinary or administrative action be taken against any Army official who committed an act of reprisal against that Soldier. If you have new information or evidence to support your concerns, I encourage you to request reconsideration from the ABCMR. The Secretary of the Army has established these processes for adjudication of concerns such as yours, including matters that you would like reconsidered by a neutral and detached body. Guidance on ABCMR procedures can be found online at http://arba.army.pentagon.mil/abcmr-overview.cfm. Once you have exhausted your administrative remedies under 10 USC 1552, you may be able to file for relief in the Federal District Court.

I strongly encourage you to consult with available legal counsel in your local Army legal assistance office. Army attorneys can assist you with a variety of matters, including the filing of a request for redress with the ABCMR. You can make an appointment with an attorney at the Client Services Division, Office of the Staff Judge Advocate, Aberdeen Proving Ground, by calling (410) 278-1583.

I trust that you will find this information to be of assistance to you.

CHARLES N. PEDE
Brigadier General, USA
Assistant Judge Advocate General
   for Military Law and Operations



DEPARTMENT OF THE ARMY
OFFICE OF THE JUDGE ADVOCATE GENERAL
2200 ARMY PENTAGON
WASHINGTON, DC 20310-2200

3 October 2016

Major Toby R. Mackall
84 Hopkins Road
Aberdeen Proving Ground, Maryland 21005

Dear Major Mackall:

I am in receipt of your 30 September 2016 email and as discussed, I intend to communicate with you via mailed correspondence.

I have been designated as your point of contact in an effort to streamline communications about your concerns and to direct you to the proper channels which may be available to resolve them. I understand that you have directly contacted, either by phone or email, several senior leaders to include the Secretary of the Army, the Secretary of Defense, and the Chief of Staff, U.S. Army.

While senior leaders care about the well-being of service members, the demands of their positions do not allow for open-door policies nor the ability to directly respond to every Soldier's grievance.

If there is a particular question or issue for which you seek relief, I encourage you to leverage the process available to you.

I trust that you will find this information to be of assistance to you.

CHARLES N. PEDE
Brigadier General, USA
Assistant Judge Advocate General
  for Military Law and Operations