IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| TOBY R. MACKALL | * |
| Plaintiff, | * |
| v. | * Civil No. 17-cv-774-RDB |
| | |
| UNITED STATES DEPARTMENT OF DEFENSE | * |
| Defendant. | * |

\* \* \* \* \* \*   \* \* \* \* \* \*

| | |
|---|---|
| TOBY R. MACKALL | * |
| Plaintiff, | * |
| v. | * Civil No. 17-cv-865-ELH |
| | |
| CLARK W. LEMASTERS, JR., et al. | * |
| Defendants. | * |

\* \* \* \* \* \*   \* \* \* \* \* \*

## MOTION TO DENY DEFENDANTS REQUEST FOR CONSOLIDATION AND EXTENSION FOR FILING AN INITIAL RESPONSE

Plaintiff Toby R. Mackall files this motion to request denial of Defendant's request to consolidate Civil No. 17-cv-774-RDB and Civil No. 17-cv-865-ELH and extend Defendants time for filing an initial response. The reasons for this motion are as follows.

1. *Pro se* plaintiff Major Toby Mackall does not consent with the motions filed nor was he afforded the opportunity to reach a consensus regarding the motion or proposed order.

2. The two separate actions asserting claims arising from events that occurred before and after an active shooter event April 2, 2014 at Fort Hood, Texas involve two distinct entities; the United States Department of Defense (17-cv-774-RDB) and four officers within the Unites States Army (17-cv-865-ELH) serving as members of the plaintiff's chain of command and responsible management official (detailed Inspector General investigating officer). Although both cases involve common issues of law regarding jurisdiction, a distinction the plaintiff requests the court to consider is the level of authority and responsibility for each claim. In case 17-cv-774-RDB (Unites States Department of Defense), the plaintiff claims are directed toward senior officials within the Department of Defense, to include Department of the Army leaders, who have allegedly retaliated against the plaintiff by not properly processing an Article 138 complaint, oversight of Whistleblower Reprisal Investigations in which the plaintiff was a subject (DIH-6145) and complainant (DIH-6122), and effort to further discredit the service and actions of the plaintiff by attempting to stop or delay his promotion once it was report he continued to attempt to report command climate issues that preceded and contributed to the April 2, 2014 active shooter event. Case 17-cv-865-ELH (Clark

W. LeMasters, Jr., et al) is directed toward the individual actions of the defendants and their role in violating the stated claims of the plaintiff.

3. Witnesses for each case will be substantially different as the focus for each case differs by level of responsibility. Case 17-cv-865-ELH (Clark W. LeMasters, Jr., et al) witnesses will consist of those individuals with first-hand knowledge of the command climate issues the plaintiff attempted to resolve 90 days before the shooting, to include testimony of the senior Behavioral Health professional, detailed to provide support to the victims of the shooting incident (Plaintiff directly coordinated and interacted with said individual immediately following the incident to coordinate support for those affected). Witnesses for case 17-cv-774-RDB (Unites States Department of Defense), will consist of senior official personnel, Military grade O-6 and above or senior executive service personnel, outside the chain of command of the plaintiff who was in communication with the plaintiff regarding attempts to request notification to the Secretary of the Army, then Honorable Eric Fanning, and Secretary of Defense, then Honorable Ashton Carter, regarding request to utilize the "open door" policy to report allegations of corruption and retaliation.

4. Major Mackall opposes the motion to delay, as he has endured significant emotional pain and suffering since first reporting events associated with the stated claims, to include most recently being administratively flagged since

3

February 2016 (15 months), with the possibility of preventing his promotion to Lieutenant Colonel. This flagging action occurred within a week of the plaintiff communicating to a member of the Department of Defense regarding requests to speak with the Secretary of Defense. Further delaying the initial response from the defendants will cause continued pain and suffering, and adverse effects on the plaintiff.

WHEREFORE, the Plaintiff respectfully, requests the Court, if a delay is granted, for consideration to be no longer than 15 days from original suspense date, with response extended through and including June 21, 2017. Additional extension of time could be perceived as prejudicial to the plaintiff.

Respectfully submitted,

MAJ Toby R. Mackall
Plaintiff

## CERTIFICATE OF SERVICE

I hereby certify that, on June 5, 2017, I caused to be served a true and correct copy of the foregoing Motion to Oppose Consolidation and Extend Defendants' Time for Filing an Initial Response, via first-class U.S. Mail, postage prepaid, upon the following:

Joel W. Ruderman
Special Assistant United States Attorney
36 South Charles Street, 4th Floor
Baltimore, MD 21201


/s/ T. Mackall
Toby R. MACKALL
Plaintiff

1

Bobby R. Mackall
1612 Shirley Ave
Joppa, Md. 21085

FILED ___ ENTERED
LODGED ___ RECEIVED

JUN 07 2017

AT BALTIMORE
CLERK U.S. DISTRICT COURT
DISTRICT OF MARYLAND
BY _____ DEPUTY

Office of the Clerk
United States District Court
Baltimore, Md. 21201



1000    21201



U.S. POSTAGE
PAID
GUNPOWDER, MD
JUN 05, 17
AMOUNT
$0.49
R2305K142948-05