# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| TOBY R. MACKALL | * | |
| Plaintiff, | * | |
| v. | * | Civil No.   17-cv-774-RDB |
| UNITED STATES DEPARTMENT OF DEFENSE, | * | |
| Defendant. | * | |

* * * * *

| | | |
|---|---|---|
| TOBY R. MACKALL | * | |
| Plaintiff, | * | |
| v. | * | Civil No.   17-cv-865-ELH |
| CLARK W. LEMASTERS, JR., ET AL., | * | |
| Defendants. | * | |

* * * * *

## MOTION TO STAY PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

Plaintiff's pre-discovery and pre-answer motion for summary judgment---filed before the court issued an opinion on Defendants' case-dispositive motion to dismiss---is premature. Defendant's motion[1] raised fatal defects in subject matter jurisdiction and claim availability. Staying briefing on Plaintiff's motion for summary judgment would promote judicial efficiency by preventing the parties from filing lengthy responses and replies, and it would save judicial

---

[1] *Mackall v. United States Department of Defense*, No. 17-cv-774-RDB, ECF No. 8; *Mackall v. Lemasters et al.*, No. 17-cv-865-ELH, ECF No. 10.

1

time in evaluating those filings.

Defendants' motion raised serious questions as to this Court's subject matter jurisdiction, which must be resolved before the Court can rule on the merits of Plaintiff's case upon a motion for summary judgment.[2]  The Supreme Court has held that there is no waiver of sovereign immunity for suits by service members that "arise out of or are . . . incident to service."[3] Furthermore, Plaintiff failed to exhaust administrative remedies for his tort claims and for claims of error in his military records.  This failure, according to the Fourth Circuit, is a jurisdictional defect.[4]

Moreover, Defendants' motion argued that Plaintiff's claims were not cognizable and were subject to dismissal under Federal Rule of Civil Procedure 12(b)(6).  Plaintiff's constitutional claims are not cognizable because the Supreme Court has held that service members may not challenge military management or supervision under *Bivens*.[5]  His tort claims are barred under the Westfall Act.[6]  Courts in other circuits have held that there is no private

---

[2] *Sinochem Int'l Co. Ltd. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 430--31 (2007).

[3] *Feres v. United States*, 340 U.S. 135, 146 (1950).  *See also*, *Stewart v. United States*, 90 F.3d 102, 105 (4th Cir. 1996) (observing that Supreme Court has broadened *Feres* "to encompass, at a minimum, *all* injuries suffered by military personnel that are even remotely related to the individual's *status* as a member of the military").

[4] *Wilt v. Gilmore*, 62 Fed. Appx. 484, 488 (4th Cir. 2003) (Court dismissed complaint where Plaintiff failed to exhaust his claim before Army Board for Correction of Military Records); *Henderson v. United States*, 785 F.2d 121, 123 (4th Cir. 1986) ("[T]he requirement of filing an administrative claim is jurisdictional and may not be waived.").

[5] *United States v. Stanley*, 483 U.S. 669, 683--84 (1987); *Chappell v. Wallace*, 462 U.S. 296, 304 (1983).

[6] 28 U.S.C. § 2679(b)(1); *Osborn v. Haley*, 549 U.S. 225, 229--30 (2007), *Gutierrez de Martinez v. Lamagno*, 515 U.S. 417, 425--26 (1995).

cause of action for his claims under the Military Whistleblower Protection Act.[7] Plaintiff cannot state a claim under Section 1983 because a proper claim against a federal employee is a *Bivens* claim and *Bivens* claims are not cognizable in the military context.[8] Nor can Plaintiff's claims under 18 U.S.C. §§ 1001 and 1038 proceed, as those criminal statutes do not provide Plaintiff with a civil cause of action.[9]

Given the major defects in subject matter jurisdiction and ability to state a claim, proceeding with briefing on Plaintiff's motion for summary judgment would be an inefficient use of resources at this point in the litigation. Plaintiff's motion for summary judgment and all accompanying briefing deadlines should be stayed pending resolution of Defendant's potentially case-dispositive motion to dismiss.

Respectfully submitted,

STEPHEN M. SCHENNING
Acting United States Attorney

  /s/
Molissa H. Farber
Assistant United States Attorney
36 S. Charles Street, Fourth Floor
Baltimore, Maryland 21201
(410) 209-4862
Molissa.Farber@usdoj.gov

---

[7] *See, e.g., Acquisto v. United States*, 70 F.3d 1010, 1011 (8th Cir. 1995) (determining Military Whistleblower Protection Act does not provide private cause of action); *Soeken v.United States*, 47 Fed. Cl. 430, 433 (Fed. Cl. 2000) (same).

[8] *Hartman v. Moore*, 547 U.S. 250, 254 n. 2 (2006) ("[A] *Bivens* action is the federal analog to suits brought against state officials under...42 U.S.C. § 1983.").

[9] *See* Def. Mot. to Dismiss at 17--18 (collecting authority).

**CERTIFICATE OF SERVICE**

I certify that on September 29, 2017, a copy of the foregoing Motion to Stay Plaintiff's Motion for Summary Judgment was caused to be served by filing that document with the Clerk of the Court under the Court's CM/ECF system, which electronically transmits a copy to the registered participants as identified on the Notice of Electronic Filing, and paper copies were mailed by first class mail, postage prepaid, to those identified as nonregistered participants:

    Toby Roberto Mackall
    1612 Shirley Avenue
    Joppa, MD 21085

    Major General Clark W. LeMasters Jr.
    6501 E. 11 Mile Road
    Warren, Michigan 48397

    Colonel Timothy D. Luedecking
    1400 Defense Pentagon
    Washington, DC 20301

    Lieutenant Colonel Myron L. Bell
    103 3rd Avenue
    Fort Lesley J. McNair
    Washington, DC 20319

    Major Matthew D. Tobin
    1400 Defense Pentagon
    Washington, DC 20301

    /s/
    Molissa H. Farber
    Assistant United States Attorney