_____ FILED _____ ENTERED
_____ LODGED _____ RECEIVED

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MARYLAND

OCT 1 0 2017

AT BALTIMORE
CLERK U.S. DISTRICT COURT
DISTRICT OF MARYLAND
BY _____ DEPUTY

|  |  |  |
|---|---|---|
| TOBY R. MACKALL | * |  |
| Plaintiff, | * |  |
| v. | * | Civil No. 17-cv-774-RDB |
|  |  |  |
| UNITED STATES DEPARTMENT OF DEFENSE | * |  |
|  | * |  |
| Defendant. |  |  |

\* \* \* \* \* \* \* \* \* \* \* \*

|  |  |  |
|---|---|---|
| TOBY R. MACKALL | * |  |
| Plaintiff, | * |  |
| v. | * | Civil No. 17-cv-865-ELH |
|  |  |  |
| CLARK W. LEMASTERS, JR., et al. | * |  |
| Defendants. | * |  |

\* \* \* \* \* \* \* \* \* \* \* \*

## PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO STAY

Plaintiff Major Toby Mackall respectfully oppose the Defendants' motion to stay Plaintiff's

motion for summary judgment as the Defendants' have not provided a response to answer the

original claims of the lawsuit in which the Plaintiff alleges violations of his civil and

constitutional rights of due process and presumption of innocence, regarding claims of being

removed from position (termination), prior to an investigation, violating his 5th and 14th

Amendment rights.

Instead, the Defendants' continue to argue that this Court does not have subject matter jurisdiction regarding alleged violations of an individual's fundamental human and civil rights protected by the constitution, regarding presumption of innocence and due process. Per 28 U.SC. 1331, "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States". The Court considering the Plaintiff's motion for partial summary judgment would promote judicial efficiency as there is no genuine dispute to evidence already provided, that the Defendants' violated the Plaintiff's 5th and 14th Amendment rights when they abruptly removed him from position (terminated) with no suspension, based on an allegation of insensitivity. Denying the Defendants motion to stay would further promote judicial efficiency as it would prevent parties from filing responses regarding an undisputed action and event conducted by the Defendants.

Plaintiff, MAJ Mackall has alleged violations of the United States Constitution, to include his civil rights, which appear on the face of complaints 17-cv-00774-RDB (Department of Defense) and 17-cv-00865-ELH (Individual Defendants). In both cases, the Plaintiff claims violations to the United States Constitution for violation of his presumption of innocence and due process rights, when he was abruptly removed from position (no suspension) over an allegation of insensitivity, prior to an investigation and opportunity to contest such allegation. **Although the Plaintiff is a member of the Armed Forces, on Active Duty currently and during the time of the claimed violations, the circumstances and events associated with his termination, are alleged to have been conducted to conceal negligence of his superior leaders in correcting an in-disciplined command climate, first reported by the Plaintiff 90 days prior to the shooting[1], which provoked the shooter and his actions (alleged) on April 2, 2014. The**

---

[1] Statements of misconduct, staff indiscipline, senior enlisted undermining authority, Memorandum in Support of Plaintiff's Opposition to Defendants Motion to Dismiss, Docket #12, Exhibits 1, 2, 3

Defendants are accused of operating outside their scope of employment when they abruptly

terminated the Plaintiff's assignment, which is similar to communicating an illegal order, based

on an allegation of insensitivity that was not investigated prior to taking action. Additionally, and

by Defendant Colonel Luedecking's own signed and sworn statement[2], dated April 23, 2014,

prior to an investigation being conducted and any witnesses questioned, contradicted the reason

provided to the Plaintiff regarding his removal, when he stated "MAJ Mackall was removed

from his position; there is more to his issues, which started back in August 2013. He's not being

suspended though, he was removed". The Plaintiff alleges the Defendants were motivated to

remove him abruptly, without suspension or an investigation, to prevent disclosure of command

climate issues that could have been assessed as contributing to the active shooter incident. The

Plaintiff's removal occurred within days prior to Department of the Army investigators arriving

at Fort Hood, Texas to investigate the cause of the shooting. Consequently, the Plaintiff's Tort

claims should not be barred under the Westfall Act as the Defendants' actions are alleged to have

violated an individual's federal constitutional rights and clearly established law, which a

reasonable person would have known anyone suspected of an offense or accusation should be

afforded due process and presumption of innocence, "government officials sued for

constitutional torts continue to be protected only by qualified immunity, 28 U.S.C 2679(b)(2).

Additionally, the claims presented by the Plaintiff are not a "suit against a superior officer for

wrongs which involve direct orders in the performance of military duty"

<u>Stanley v. United States, 574 F. Supp. 474 (S.D. Fla 1983)</u>

> The court is well aware of the compelling need to protect military discipline in
> order to ensure the execution of military orders. However, the plaintiff's Bivens
> Action in the instant case neither involves nor threatens to compromise military
> discipline. The case does not involve a combat or combat-training situation; it

---

[2] Defendant Colonel Luedecking's Statement to Department of the Army Investigators, Memorandum in Support of Plaintiff's Opposition to Defendants Motion to Dismiss, Docket #12, Exhibit 15

does not involve any exigent circumstances; and it is not a case in which the plaintiff was either ordered or obligate to participate in a military exercise....In sum, applying the Chappel Court's own standard, this is not a case involving "the special nature of military life, or the need for unhesitating and decisive action by military officers and equally disciplined responses by enlisted personnel"

Even if military discipline was somehow tangentially affected by this court's decision, there exists ample common-law and statutory authority to support judicial review of the plaintiff Stanley's constitutional claim. First, complaints by military personnel, which are encouraged by the Uniform Code of Military Justice, 10 U.S.C.A 938 (1975), are judicially reviewable. Second, military officials have traditionally been held accountable in courts of law, and this practice continues today. Third, *482, military officers are subject to only qualified immunity, albeit this immunity is granted if military discipline would be delterioulsy affected by judicial interference. See Chappell, U.S. at 103 S. Ct. at 2365-66

..and consequently to be deprived of his most fundamental constitutional and human rights. The "peculiar and special relationship of the Soldier to his superiors" does not permit the violation of those fundamental rights in a situation that does not involve military discipline and duty. Furthermore, although the special status of the military has required the establishment of two systems of justice, one for civilians and the other for military personnel, both must operate within the confines of the Constitution and the Bill of Rights. As explained in Thornwell v. United States, 471 F. Supp. 344 (D.D.C.1979), a case almost identical to the one at bar.

Additionally, the Defendants' continue to state falsehoods regarding the Plaintiff not exhausting administrative remedies for his tort claims, when evidence clearly shows the Plaintiff petitioned the Army Review Board Agency (ARBA) to report the claims, but was informed with the memo dated March 27, 2017, "The ABCMR does not have the authority to direct an investigation to determine the facts of the situation as you have requested...Since the Board is not an investigative body and there is a rebuttable presumption that what the Army did in your case was correct, the ABCMR has asked me to file your application without action and without prejudice". An additional falsehood is the Defendant's claim the Plaintiff did not exhaust his administrative remedies by not filing a complaint under the Federal Tort Claim Act (FTCA). This argument is misleading as it attempts to state the Plaintiff did not exhaust an administrative

remedy that is not available to him, *Feres v. United States*, 340 U.S. 135 (1950). "In *Feres,* the

Court held that an active member of the armed services was prohibited from bringing a tort suit

against the federal government because his injuries arose out of and in the course of activity

incident to his military service." Consequently, service-members are forced to file suit in

Federal District court to present claims of this magnitude after exhausting administrative

remedies within the agency. It should be noted, the claims against the Department of Defense

(Civil No. 17-cv-774-RDB) are for "Other Civil Rights" (see Civil Cover Sheet), whereas the

claims against the individual Defendants (Civil No. 17-cv-865-ELH) are for Torts and Civil

Rights. It should be noted, the Plaintiff took the following additional administrative actions,

leading up to the claims filed, in an attempt to have the allegations addressed.

- June 2014- Filed an Article 138 Complaint (mishandled by responsible management officials at the installation and within senior chain of command)

- February 2015- Filed a Department of the Army Inspector General (DAIG) complaint following release of the report of the Fort Hood, Texas Active Shooter incident

- March 2015- Filed a Whistleblower Retaliation Complaint against Defendants Colonel Luedecking and Lieutenant Colonel Bell

- March 2015- Direct Communication (email) to General Raymond Odierno and General Mark Milley regarding allegations

- November 2015- Filed a Department of Defense Inspector General (DODIG) complaint regarding Defendant Major Matthew Tobin's report findings

- December 2015- Requested to speak with the Secretary of the Army (Eric Fanning) and Secretary of Defense (Ashton Carter), under "open door" procedures to report allegations

- May 2016- written correspondence to members of the Senate Armed Services Committee

- August 2016- written correspondence to the Department of Justice, addressed to the Attorney General, with requested notification to President Obama

- September 2016- written correspondence to Congressman Dutch Ruppersburger's office

The Plaintiff has presented extensive evidence that detail negligence of his leaders in correcting a poor command climate, to include allegations of staff in-discipline, that was the motivation for their decision (alleged) in abruptly terminating the Plaintiff's assignment.

For the reasons expressed herein, and more specifically the Defendants' continued position of not contesting the claims presented, the Plaintiff respectfully requests the Court to proceed with briefing on consideration to enter partial judgment in favor of undisputed claims of violations to his 5th and 14th Amendment rights to the Constitution and that the remaining common law tort claims proceed to trial where evidence and testimony provided will accurately detail claims presented.

Respectfully submitted,

MAJ Toby R. Mackall
Plaintiff

## CERTIFICATE OF SERVICE

I hereby certify that, on October 6, 2017, I caused to be served a true and correct copy of the foregoing Plaintiff's Opposition to Defendants' Motion to Stay Plaintiff's Motion for Partial Summary Judgment, via first-class U.S. Mail, postage prepaid, upon the following:

Molissa Farber
Special Assistant United States Attorney
36 South Charles Street, 4th Floor
Baltimore, MD 21201

_____

Toby R. Mackall
Plaintiff